CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 3 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BONNIE SUE HALL, ) | |
|     Petitioner, ) | Civil Action No. 7:08-cv-00172 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BARBARA J. WHEELER, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

Bonnie Sue Hall, a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Hall's petition sets forth claims of ineffective assistance of state habeas and trial counsel; insufficiency of the evidence; failure to making a knowing, voluntary, or intelligent waiver of her rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966); and cruel and unusual punishment. On March 20, 2008, respondent filed a motion to dismiss and answer pursuant to Rule 5 of the Rules Governing Section 2254 Cases. Hall was notified of respondent's motion; however, Hall has not responded, the time allotted for her response has expired, and the matter is now ripe for disposition. Upon review of the relevant state court records, as well as the pleadings and exhibits submitted by the parties, the court will grant respondent's motion.

I.

On May 20, 2003, Hall entered an Alford[1] guilty plea to robbery, in violation of Va. Code § 18.2-58; two counts of use of a firearm during the commission of a felony, in violation of Va. Code § 18.2-53.1; statutory burglary while armed with a deadly weapon, in violation of Va. Code § 18.2-10; and unlawfully wearing a mask in public, in violation of Va. Code §§ 18.2-422 and 10. The evidence presented in support of the plea indicated that on October 26, 2002, Hall participated in the armed robbery of a parking lot attendant at the Lynchburg Regional Airport. Apparently, Hall had previously been employed as a parking lot attendant at that same airport and was familiar with the parking attendant booth and where money was located in the booth. Accordingly, Hall arranged the robbery with two

---

[1] See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) (With an "Alford plea," a defendant asserts his innocence but admits that sufficient evidence exists which could likely convince a judge or jury to find the defendant guilty); see also Parson v. Carroll, 636 S.E.2d 452, 454-55 (Va. 2006) (describing effect of Alford plea in Virginia).

male acquaintances, James Holland and Demetrius Moon, provided detailed information about the parking lot booth, drove the two men to the airport parking lot, and waited in the car. Holland and Moon, both masked, then forced the parking lot attendant on duty to open the booth and took all of the money, three-hundred and thirty-seven dollars, from the booth cash register. When the attendant was unable to open the booth safe, the men threatened to shoot her; however, no shots were fired and the attendant was not injured. Holland and Moon eventually left the booth with the money from the cash register and the attendant called the police. Holland and Moon later admitted that they split the proceeds of the offense with Hall.

On August 18, 2003, the Circuit Court of Campbell County sentenced Hall to a total of thirty-two years incarceration with five years suspended. On October 6, 2003, the court suspended seven more years of the original sentence, resulting in a total sentence of thirty-two years incarceration with twelve years suspended. Hall's direct appeal to the Court of Appeals of Virginia was refused by that Court on April 1, 2004, because the sentence imposed by the trial judge was within the ranges set by the legislature. The Court also noted that Hall's claim that her sentences violated the federal constitutional prohibition against cruel and unusual punishment lacked merit as she failed to present any evidence that her sentences were so grossly disproportionate to the offenses committed so as to shock the conscience. Her demand for reconsideration by a three-judge panel was denied on October 29, 2004, and her appeal to the Supreme Court of Virginia was refused on March 15, 2005.

On March 30, 2006, Hall filed a state petition for writ of habeas corpus in the Supreme Court of Virginia alleging that her guilty plea was not knowing and voluntary because counsel had erroneously advised her that she would only receive a five year term of incarceration. That Court dismissed the petition on August 24, 2006, holding that the petition was not timely filed under Virginia Code § 8.01-654(A)(2).

Hall filed the instant habeas petition on February 5, 2008, raising the following issues:

A. Habeas counsel was ineffective in filing Hall's state habeas petition in an untimely manner

and in failing to keep Hall informed of the status of the petition;

B. Trial counsel was ineffective in failing to communicate with Hall and in failing to keep Hall informed of the status of her case;

C. Trial counsel failed to investigate the crime scene and failed to hire an investigator;

D. Trial counsel failed to request a psychiatric examination to determine Hall's state of mind at the time of the crime and to determine whether she was competent to stand trial;

E. Trial counsel failed to file a motion to suppress "improper evidence" introduced by the prosecution;

F. The evidence was insufficient to support Hall's convictions;

G. Hall was emotionally distraught at the time that she signed a waiver of her Miranda rights; thus, she contends that she did not knowingly, voluntarily, or intelligently make a waiver of her Miranda rights;

H. Hall was and currently is subject to cruel and unusual punishment because she was sentenced to an unreasonably high sentence.

## II.

A one-year period of limitation applies to habeas petitions filed under § 2254. See 28 U.S.C. § 2244(d)(1).[2] A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). The Supreme Court of Virginia denied Hall's direct appeal on

---

[2] Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

March 15, 2005. Thus, Hall's conviction became final on June 13, 2005, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Accordingly, the one-year period of limitation under § 2244(d)(1) began to run on that date. Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." See 28 U.S.C. § 2244(d)(2). Hall did file a state habeas petition on March 30, 2006; however, because the state court rejected her petition as untimely, it was not "properly filed," and she is not entitled to statutory tolling under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Hall did not file her federal habeas petition until February 5, 2008,[3] well beyond the requisite one year statute of limitations. As a result, the petition is untimely. Since Hall has not demonstrated any grounds for equitable tolling,[4] the petition must be dismissed.

## III.

Assuming arguendo that the petition met statute of limitation requirements or merited equitable tolling, it would still fail. Pursuant to Title 28 U.S.C. § 2254(b), a petitioner must exhaust the remedies available in state court before seeking habeas corpus relief in federal court. A petitioner must present

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers her pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). It appears that Hall signed her petition on February 5, 2008. Accordingly, out of an abundance of caution, the court will assume that she delivered it to prison officials for mailing on that date.

[4] Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that she exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Hall appears to contend that equitable tolling of the statute of limitations is available and proper because of ineffective assistance of state habeas counsel. Such a claim rarely succeeds. See Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003) (ineffective assistance of counsel generally fails to warrant equitable tolling in habeas cases because petitioner "bears the risk of the error of that counsel"); see also Arrington v. Wheeler, No. 7:06-cv-00351, 2006 WL 2323324, at *1 (W.D. Va. Aug. 9, 2006) (finding petitioner's claim that counsel "abandoned" petitioner during the state habeas proceedings did not warrant equitable tolling). However, even tolling the time period that Hall's state habeas petition was pending, March 30, 2006 through August 24, 2006, Hall's federal habeas petition is still untimely. Nine months and nineteen days passed between June 13, 2005, the time Hall's conviction became final, and March 30, 2006, the time that she filed her state habeas petition. Five months and twelve days passed between August 24, 2006, the date that the state habeas petition was dismissed and, February 5, 2008, the date that Hall's federal habeas petition was filed. Thus, even tolling the time period during which Hall's state habeas petition was pending, Hall's federal petition is still untimely.

4

her federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillery, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (noting that exhaustion generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court). Although Hall did file a state habeas proceeding in the Supreme Court of Virginia, she did not raise claims B, C, D, E, F, or G. Therefore, the claims were not properly presented to the state's highest court and are, thus, barred from federal habeas review.

Moreover, those claims are procedurally defaulted because Hall would now be barred from raising them in any state court, pursuant to Va. Code § 8.01-654(B)(2), which prohibits the granting of any habeas petition based on claims that could have been presented by the petitioner at the time of her previous petition.[5] Consequently, the aforementioned claims are now simultaneously exhausted and defaulted for the purpose of federal habeas review. See Teague v. Lane, 489 U.S. 288, 297-99 (1989); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (finding that if "it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded").

However, a petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from the failure to review that claim or that she has suffered a fundamental

---

[5] Furthermore, claims F and G would be barred because they were not presented on direct appeal. See Slayton v. Parrigan, 215 Va. 27 (1974) (noting that claims that are not raised at trial or on direct appeal are procedurally defaulted).

5

miscarriage of justice.[6] Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). Hall's pleadings do not include any contention that there is cause for her failure to raise these claims in her state habeas petition. She does contend that counsel was ineffective in filing the state habeas petition in an untimely manner; however, Hall does not contend that counsel was directed to include these claims in the state habeas petition nor does she contend that counsel was ineffective in failing to include these claim in that petition.[7] Furthermore, Hall does not present any new evidence that adequately demonstrates her innocence. Accordingly, the court finds that claims B, C, D, E, F, and G are barred and, therefore, must be dismissed.

Even if the claims are not barred, the court finds that they lack merit. First, the record clearly belies Hall's claim that trial counsel was ineffective in failing to communicate with Hall and in failing to keep Hall informed of the status of her case. Hall's sworn testimony during her guilty plea hearing on May 20, 2003, indicates that Hall was aware of the charges against her, counsel explained the significance of an Alford plea, counsel discussed Hall's options with her, counsel discussed the merits of the Commonwealth's case and advised her to plead guilty, and Hall had ample time to discuss the case with counsel. Thus, Hall's current allegations to the contrary, as set forth in claim B, lack credibility and are without merit.

---

[6] The court notes that a petitioner may demonstrate cause by showing "that some objective factor external to the defense impeded [her] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "A procedural default also may be excused if the petitioner demonstrates that failure to consider the claim[ ] will result in a fundamental miscarriage of justice, i.e., that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003) (internal quotations and citations omitted). In order to make this showing, a federal habeas petitioner must present "new reliable evidence . . . that was not presented at trial," and the petitioner must "show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327-328.

[7] Indeed, Hall's claim that habeas counsel was ineffective in filing her state habeas petition in an untimely manner can find her no relief in this court and must be dismissed. See 28 U.S.C.A. § 2254(i) (The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254).

6

Secondly, Hall's claim that trial counsel failed to investigate the crime scene and failed to hire an investigator lacks sufficient factual support. Hall does not contend that she requested that counsel physically investigate the parking lot booth nor does she contend that she requested that counsel hire an investigator. Moreover, Hall fails to provide the court with any reason why such actions would have been necessary or beneficial to her defense. Thus, claim C fails as well.

Thirdly, Hall's claim that trial counsel failed to request a psychiatric examination to determine Hall's state of mind at the time of the crime and to determine whether she was competent to stand trial lacks merit. Hall contends that her "state of mind at the time was total emotional distress and suicidal"; thus she had "no ability to act with malice and intent." (Pet. at 7.) However, once again, the record belies Hall's current claims as her sworn testimony during her guilty plea hearing indicates that she was aware of her options, she understood the elements of the Commonwealth's case, her plea was "freely and voluntarily" given, and she "understood" the rights that she was giving up by pleading guilty (Guilty Plea Hr'g Tr., May 20, 2003, at 7, 9.) Thus, any claim that Hall was incompetent at the time of her guilty plea finds no support in the record. Furthermore, evidence of Hall's alleged emotional stress up to and during the robbery was presented to the court during the August 18, 2003 sentencing hearing and the court undoubtedly considered this evidence when making a sentencing determination. Hall does not allege what further support a psychiatric evaluation would have provided to the defense or how such a report would have affected her plea or sentence. Accordingly, claim D, also lacks merit.

Hall's claim that trial counsel failed to file a motion to suppress "improper evidence" introduced by the prosecution similarly lacks merit. Hall's contention that it "was prejudicial for the trial judge to hear testimony from [i]nvestigators who failed to provide facts from there [sic] report" lacks sufficient factual support. (Pet. at 8.) Hall does not allege what "facts" were not provided nor how the testimony

7

from witnesses who investigated the case prejudiced the defense in any way. Accordingly, claim E also fails.

Hall's claim that the evidence was insufficient to support her convictions also lacks merit. In particular, Hall appears to complain that there was no evidence of a constructive breaking and entering into the parking lot booth and that there was only one gun used. However, the evidence indicates that while the victim eventually opened the door to the booth herself, Holland and Moon brandished the firearm and threatened the victim in order to force her to open the booth door. Moreover, the firearm was brandished and used to threaten the victim on more than one occasion. Thus, the two counts of use of a firearm during the commission of a felony is not a violation of the Double Jeopardy Clause of the Fifth Amendment, as Hall appears to contend. Indeed, Hall admitted to her knowledge of the gun, her participation in the planning and implementation of the robbery, and her receipt of proceeds of the robbery. Therefore, the court finds that there is more than sufficient evidence to support Hall's convictions and, thus, that claim F lacks merit.

Finally, Hall's claim that she was emotionally distraught at the time that she signed a waiver of her Miranda rights lacks merit as, once again, Hall fails to provide any factual support for her claim. She does not describe when or in what context she signed the waiver nor does she expound upon her alleged emotional distress at the time of the waiver. Accordingly, Claim G lacks merit as well.

## IV.

In Claim H of her federal habeas petition, Hall alleges that she was and currently is subject to cruel and unusual punishment because she was sentenced to an unreasonably long period of incarceration. Hall raised this claim in her direct appeal to the Court of Appeals of Virginia; however, that Court dismissed her claim finding that she failed to present any evidence that her sentences were

8

so grossly disproportionate to the offenses committed so as to shock the conscience.

It appears that Hall properly exhausted her state court remedies as to this claim. Therefore, this court may address claim H under the standards set forth in 28 U.S.C. § 2254, as amended by the AEDPA. Section 2254(d) reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v. True, 403 F.3d 171 (4th Cir. 2005), cert. denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's

9

decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves). In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

Based on these principles, the court finds that Hall cannot demonstrate that the state Court's rejection of her claim that she was and is subject to cruel and unusual punishment was contrary to clearly established principles, involved an objectively unreasonable application of the law, or was based on an unreasonable determination of the facts. The October robbery was premeditated and the evidence suggested that Hall was the mastermind behind the robbery. Moreover, the offense involved the use of a dangerous weapon and, accordingly, the potential for injury of the victim. Furthermore, Hall had previously been convicted of several larceny offenses prior to the October 26, 2002 robbery; thus, the minor punishments that she received for those offenses were apparently not sufficient to deter further criminal activity. Finally, Hall does not contend that her sentence exceeds the statutory maximum term of incarceration. Indeed, the court warned Hall during her guilty plea hearing that he "could sentence [her] to two life terms plus a number of years." (Guilty Plea Hr'g Tr., May 20, 2003, at 9.) Accordingly, the court finds that the Court of Appeals of Virginia's determination is entitled to deference. Therefore, claim H must be dismissed.

## V.

For the stated reasons, the court finds that Hall's habeas claims are untimely filed, that the

petition is not entitled to equitable tolling, and that her claims are, at any rate, defaulted or meritless. Accordingly, the court will grant respondent's motion and dismiss the petition. An appropriate Order shall be entered this day. Petitioner is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 13th day of August, 2008

_____
United States District Judge

11